```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

v.                                          NO. 08-71

CALVIN EFFRON                               SECTION "F"
```

ORDER AND REASONS

Before the Court is Calvin Effron's motion to suppress evidence seized by federal agents during a search of his home in Metairie. For the reasons that follow, the motion is DENIED.

Background

In the fall of 2006, federal agents from the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco, Firearms, and Explosives began investigating Calvin Effron's involvement in the heroin trade. Using a confidential informant, DEA agents purchased heroin from Effron four times between October and December 2006. On January 15, 2008, federal agents observed Effron engage in suspicious conduct typically characteristic of a drug transaction.[1]

---

[1] The affidavit of DEA Agent Mark Nicholson submitted in support of the warrant application states that federal agents observed Effron leave his home at 3809 Canterbury Lane in Metairie, drive to the French Quarter, and park on Wilkinson Street, where an unknown male entered the front passenger seat, stayed for a brief period, and then exited the vehicle. According to Agent Nicholson, a veteran of some eleven years, this sort of pattern is conduct

On February 29, 2008, DEA agents searched two bags of trash removed from the curb in front of the defendant's home and found traces of substances that tested positive for heroin and cocaine, numerous plastic sandwich bags with the bottom corners cut out, and an AT&T Wireless bill addressed to the defendant for the cellular telephone number 504-915-4846, which was the number the DEA informant had previously used to contact Effron in connection with the 2006 controlled buys.

On March 6, 2008, the DEA applied for a warrant to search Effron's home at 3809 Canterbury Lane. The application was accompanied by an affidavit from DEA Special Agent Mark Nicholson detailing the facts above. Magistrate Judge Moore signed the search warrant, which the DEA executed on March 7, 2008. The DEA seized 160 grams of heroin, drug paraphernalia, $13,020 in cash, a loaded MAK-90 Sporter assault rifle, and the cellular phone associated with the number 504-915-4846. The defendant now challenges the validity of the search warrant and seeks to suppress this evidence.

I.

Effron claims that the search warrant was defective because it was not based on probable cause. According to Effron, the information in the DEA affidavit concerning his activity in the drug trade in 2006 was stale, and the information about the items seized from the trash-can search was unreliable, because federal agents did not observe Effron place the trash bags on the curbside

---

typical of a narcotics transaction.

in front of his house. The trash objects could have been placed by someone else, Effron suggests. All this misses a pivotal and central point.

In considering a challenge to a search executed pursuant to a warrant, the first question this Court must ask is not whether probable cause existed for the search, but whether "a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." United States v. Leon, 468 U.S. 897, 926 (1984). The well-known good faith exception: Evidence obtained during the execution of a tainted search warrant is "*not* excluded *if* the officer executing the warrant relied on it in good faith." United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005)(emphasis in original).

The test is clear and strict. The Fifth Circuit instructs that a finding of good faith reliance on a search warrant is appropriate in the absence of one of the following circumstances:

> (1) the issuing-judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing-judge "wholly abandoned [her] judicial role" in such a manner that no reasonably well trained officer should rely on the warrant"; (3) the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); or (4) the warrant is "so facially deficient" ... that executing officers cannot reasonably presume it to be valid.

Gibbs, 421 F.3d at 358 (quoting Leon, 468 U.S. at 923). In his motion to suppress, Effron does not squarely address any of the Gibbs factors, and, instead, argues simply that the information in the DEA affidavit was stale and unreliable. The Fifth Circuit draws

3

attention, however, that, generally, an "officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a bare bones affidavit." United States v. Cherna, 184 F.3d 403, 409 (5th Cir. 1999). "Bare bones" affidavits typically "contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992).

Effron contends that the affidavit lacked information constituting probable cause because: (1) the information concerning his involvement in heroin distribution in 2006 was stale, and (2) nothing in the affidavit established that the trash bags in front of his house belonged to him. But, in fact, Agent Nicholson's affidavit provided detailed information about Effron's history of distributing heroin in 2006, and contained facts indicating that his involvement in the heroin trade continued through February 2008.[2]  See United States v. Craig, 861 F.2d 818, 822-23 (5th Cir. 1988) (information of ongoing pattern of criminal activity not stale even when fairly long periods of time have lapsed between the information and the issuance of the warrant). The fact that there was no DEA surveillance of Effron placing the trash at the curb

---

[2] Most notably, the affidavit identifies the packaging materials found in the trash as being consistent with the materials Effron used to package heroin in 2006. It also notes that the trash contained an AT&T Wireless bill addressed to Calvin Effron for cellular telephone number 504-915-4846, the same number used to contact Effron for the 2006 drug buys.  To say this is mere "bare bones" would be to disregard common sense.

4

does not cripple the government's position because a supporting affidavit "need not present a watertight criminal case to support good-faith reliance on a warrant." Id. at 410-11.[3]

Magistrate Judge Moore determined that the affidavit established probable cause to search 3809 Canterbury Lane; the warrant supplied the place to be searched and the items to be seized, and nothing is so lacking about the warrant that would require the executing agents to question the validity of Magistrate Judge Moore's determination. Indeed, the Fourth Amendment "does not demand that the executing officers question [a magistrate judge's] decision and determine for themselves whether the warrant is, in fact, valid." Cherna, 184 F.3d at 412.

Effron does not assert, and nothing in the record suggests, that any of the information upon which the magistrate relied was false, or that the magistrate abandoned his judicial role in finding probable cause. The affidavit in support of the DEA's application for a warrant describes in detail Effron's involvement in the drug trade, and it would be perverse to dismiss it as "bare bones."

The defendant has not shown that the DEA's reliance on the warrant was objectively unreasonable or that any other exception to

---

[3] See also U.S. v. Sibley, 448 F.3d 754, 757-58 (5th Cir. 2006)(applying the good faith exception even though the affidavit did not suggest that anyone observed the defendant leave the apartment with the evidence-laden garbage bags. The court of appeals determined that the affidavit provided a sufficient connection between the defendant, the defendant's prior drug activity, and the apartment so that reliance on the warrant was not unreasonable.)

the good faith exception applies. The Court therefore need not address the probable cause inquiry.

Accordingly, the defendant's motion to suppress is DENIED.

New Orleans, Louisiana, June 19, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE