UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 08-71 |
| | * | |
| | * | SECTION: "F"(1) |
| VERSUS | * | |
| | * | JUDGE MARTIN L. C. FELDMAN |
| CALVIN EFFRON | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

REPORT AND RECOMMENDATION

On December 20, 2017, the United States Court of Appeals for the Fifth Circuit remanded this matter for a determination of whether defendant Calvin Effron's untimely filing of his notice of appeal was due to excusable neglect or good cause under Federal Rule of Appellate Procedure 4(b)(4) such that Effron is entitled to a 30 day extension of the deadline to file a notice of appeal. On December 26, 2017, the District Judge referred the issue to the undersigned for determination and issuance of a report and recommendation.[1] For the following reasons, it is RECOMMENDED that the Court find good cause and/or excusable neglect for the untimely appeal, such that Effron's untimely notice of appeal is excused and his appeal may be addressed on the merits.

Background

Effron was convicted of four counts of distributing heroin, one count of possessing with intent to distribute heroin, one count of possessing with intent to distribute 100 grams or more of heroin, one count of possessing a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm. He was sentenced to 360 months of imprisonment. He moved to reduce his sentence on April 5, 2016. The District Court denied his motion on February

---

[1] Because Effron has addressed the reasons for his late filing in his Notice of Appeal, the undersigned has not ordered additional briefing regarding his excuse.

1

22, 2017. Effron moved for clarification or reconsideration of the February 22, 2017, order. The district Court granted Effron's motion for clarification but denied his motion for reconsideration on April 27, 2017. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Effron had fourteen days until May 11, 2017, to file a notice of appeal. His notice of appeal was not received by the District Court until June 5, 2017. His notice of appeal states that Effron "did not receive the courts order under [sic] May 23, 2017." It is signed May 30, 2017, but the postmark date on the envelope sending the filing is illegible. Included as an attachment is a memorandum on letter head of the United States Department of Justice, Federal Bureau of Prisons from C. Lyons, A/B Unit Manager, FCI I Victorville, where Effron was incarcerated. The memo states:

> On May 23, 2017 inmate Effron received notice from the Eastern District of Louisiana, dated April 27, 2017, to forward a completed Notice of Appeal to the District Court, Eastern District of Louisiana. Due to institutional lockdown at FCI I Victorville, he did not have access to the necessary legal materials to provide an adequate response in the required time frame. We request that you please excuse the untimeliness of Mr. Effron's response.

(Rec. Doc. 179, at 4).

Law and Analysis

The Federal Rules of Appellate Procedure require that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ." Fed. R. App. Proc. 4(b)(1)(A). The Court has discretion to grant a 30 day extension of the time to file a notice of appeal "[u]pon a finding of excusable neglect or good cause." Id. R. 4(b)(4). Where, as here, a criminal defendant files his notice of appeal within 30 days of the deadline, the Fifth Circuit construes the notice of appeal as a motion for determination of whether he is entitled to an extension of time to appeal. United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984). Thus, the Fifth Circuit remanded the matter to this

Court for a determination of whether Effron's untimely filing was due to excusable neglect or good cause.

The determination of whether a party's neglect is excusable is an equitable inquiry. United States v. Clark, 51 F.3d 42, 43–44 (5th Cir. 1995). In Clark, the United States Court of Appeals for the Fifth Circuit explained that the standard for determining excusable neglect announced by the United States Supreme Court in Pioneer Investment Services, Co. v. Brunswick Associates, Ltd. (a bankruptcy case) also applies to criminal appeals under Rule 4(b). Id. at 44. Thus, courts should consider the danger of prejudice, the length of delay and its potential impact on the proceedings, the reason for the delay, including whether it was outside the party's control, and whether the party acted in good faith. Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The standard is flexible. Id.

For example, in Pioneer, the Supreme Court affirmed the court of appeal's finding that the appealing party's neglect was excusable where the bar date was outside the ordinary course in bankruptcy cases (where the date is normally displayed prominently with an explanation of its significance) leaving an ambiguity and where there was no indication of bad faith. 507 U.S. at 398-99. In United States v. Hicks, the district court found excusable neglect for an appeal filed one day late where the criminal defendant reasonably believed appointed counsel would act for him and where there was a delay in his receipt of the order denying his motion for relief and the order appointing counsel. No. CRIM.A. 94-097, 2009 WL 1811113, at *3 (E.D. La. June 18, 2009). The delay in receipt of the order denying defendant's motion or sentence reduction was not sent to defendant directly by the Clerk's automated mailing system. Id. Instead it was sent to the Federal Public Defenders Office, which forwarded it to him. Id. The court observed that the Federal Public

Defenders office was overburdened by appointment to represent over 500 prisoners who were identified as potentially eligible for retroactive sentence reduction. Id. at *3-4.

Here, according to both Effron and Unit Manager Lyons, Effron did not receive notice of the District Court's April 27, 2017, Order denying his motion for reconsideration until May 23, 2017. Based on the date Effron signed his Notice of Appeal and certified he was providing it to prison authorities, Effron's Notice of Appeal was filed on or about May 30, 2017, just about one week later.

The undersigned finds that Effron's delay in filing is due to excusable neglect. Effron did not receive notice of the order denying his motion for reconsideration until almost two weeks after the deadline to file a notice of appeal had passed. It appears that due to an institutional lockdown, he was also unable to access the necessary legal materials to file his notice of appeal. These reasons were outside of Effron's control. Effron's delay was not lengthy. His notice of appeal was filed approximately seven days after he received notice of the Court's adverse ruling, which was less than 30 days following the deadline for filing the notice of appeal. There is no evidence of bad faith on the part of Effron. Instead, his prompt filing of his notice of appeal upon receiving the order denying his motion for reconsideration indicates his good faith. The memo by Unit Manager Lyons also supports a finding of good faith. Further, the undersigned finds the proceedings would not be unnecessarily delayed. Thus, prejudice to the government is minimal, while prejudice to Effron if the appeal was not allowed would be substantial because he would not be allowed an appeal on the merits.

Recommendation

For the foregoing reasons, the undersigned recommends that the Court find good cause and/or excusable neglect for Effron's untimely appeal such that Effron's untimely notice of appeal is excused and his appeal may be addressed on the merits.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of March, 2018.

                                          Janis van Meerveld
                                          United States Magistrate Judge